UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MATTHEW SHORE, LAIMUNDAS BRAZYS AND
MYKOLA MAHARSKYY,

                      Plaintiffs,

-against-

THE UNITED STATES OF AMERICA,

                      Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

The Plaintiffs, above named, complaining of Defendant by their attorneys, **ROSENBERG & GLUCK, L.L.P.**, upon information and belief, respectfully alleges as follows:

JURISDICTIONAL ALLEGATIONS

1. At all times mentioned herein, Plaintiff MATTHEW SHORE was and still is a resident of Farmingville, County of Suffolk, State of New York.

2. At all times mentioned herein, Plaintiff LAIMUNDAS BRAZYS was and still is a resident of Ronkonkoma, County of Suffolk, State of New York.

3. At all times mentioned herein, Plaintiff MYKOLA MAHARSKYY was and still is a resident of Central Islip, County of Suffolk, State of New York.

4. This cause of action arises as a result of a motor vehicle collision that occurred on November 13, 2020, in the County of Queens, State of New York, specifically on Eastbound Grand Central Parkway at or near its intersection/exit known and designated as Francis Lewis Boulevard. Accordingly, the United States District Court for the Eastern District of New York is the proper judicial district pursuant to 28 U.S.C. § 1402(b).

5.     Upon information and belief, and at all times hereinafter mentioned, the United States Department of Transportation, Office of Inspector General was and still is a Federal Department and/or Agency of the Defendant, THE UNITED STATES OF AMERICA.

6.     Upon information and belief, at all times hereinafter mentioned, JASON J. FERNANDEZ was an employee of Defendant UNITED STATES OF AMERICA through its Department/Agency, the United States Department of Transportation, Office of Inspector General.

7.     This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671 et. seq.

8.     On or about the 21st day of October 2022, in conformity with 28 U.S.C. § 2675, the Plaintiff MATTHEW SHORE caused an executed Standard Form 95 (hereinafter "SF-95"), Claim for Damage, Injury or Death (attached hereto as "Exhibit 1"), to be presented in writing to the United States Department of Transportation, Office of the General Counsel, 1200 New Jersey Ave., S. E., Washington, DC 20590.

9.     On or about the 21st day of October 2022, in conformity with 28 U.S.C. § 2675, the Plaintiff LAIMUNDAS BRAZYS caused an executed Standard Form 95 (hereinafter "SF-95"), Claim for Damage, Injury or Death (attached hereto as "Exhibit 2"), to be presented in writing to the United States Department of Transportation, Office of the General Counsel, 1200 New Jersey Ave., S. E., Washington, DC 20590.

10.    On or about the 21st day of October 2022, in conformity with 28 U.S.C. § 2675, the Plaintiff MYKOLA MAHARSKYY caused an executed Standard Form 95 (hereinafter "SF-95"), Claim for Damage, Injury or Death (attached hereto as "Exhibit 3"), to be presented in writing to the United States Department of Transportation, Office of the General Counsel, 1200 New Jersey Ave., S. E., Washington, DC 20590.

11. The Plaintiffs' SF- 95 were presented in writing within two (2) years of the date of the incident as prescribed by 28 U.S.C. § 2401(b).

12. Because Defendant UNITED STATES OF AMERICA through its Department/Agency, the United States Department of Transportation, Office of Inspector General has failed to make a final disposition of the claim within six (6) months after Plaintiffs' claims were filed, Plaintiffs are exercising their option to deem this failure/inactivity as a final denial of the claims pursuant to 28 U.S. Code § 2675(a).

13. This action is being commenced within the six (6) months after the aforementioned final denial of the Plaintiffs' claims by the Defendant UNITED STATES OF AMERICA through its Department/Agency, the United States Department of Transportation, Office of Inspector General. 28 U.S. Code § 2401(b).

14. That pursuant to the Federal Tort Claims Act, this action is being instituted against the Defendant UNITED STATES OF AMERICA rather than against the United States Department of Transportation, Office of Inspector General, the government agency involved herein.

15. By reason thereof, the Plaintiffs have satisfied all conditions precedent to bringing this lawsuit.

16. The amount in controversy of each claim herein exceeds the sum of $75,000.00, exclusive of costs and interest.

## FACTUAL ALLEGATIONS

17. On November 13, 2020, Defendant UNITED STATES OF AMERICA was an owner of a motor vehicle bearing New York State license plate number GFG1663.

18. On November 13, 2020, Defendant UNITED STATES OF AMERICA through its agency, United States Department of Transportation, Office of Inspector General was an owner of a motor vehicle bearing New York State license plate number GFG1663.

19. On November 13, 2020, JASON J. FERNANDEZ was the operator of a motor vehicle bearing New York State license plate number GFG1663.

20. On November 13, 2020, JASON J. FERNANDEZ was operating the aforementioned vehicle with the knowledge, consent and permission of Defendant UNITED STATES OF AMERICA, through its agency, the United States Department of Transportation, Office of Inspector General.

21. On November 13, 2020, JASON J. FERNANDEZ was operating the aforementioned vehicle within the course of his employment with Defendant UNITED STATES OF AMERICA, through its agency, the United States Department of Transportation, Office of Inspector General.

22. On November 13, 2020, Plaintiff MATTHEW SHORE was the operator of a motor vehicle.

23. On November 13, 2020, Plaintiff LAIMUNDAS BRAZYS was a passenger in the motor vehicle operated by Plaintiff MATTHEW SHORE.

24. On November 13, 2020, Plaintiff MYKOLA MAHARSKYY was a passenger in the motor vehicle operated by Plaintiff MATTHEW SHORE.

25. On November 13, 2020 on Eastbound Grand Central Parkway at or near its intersection/exit known and designated as Francis Lewis Boulevard, County of Queens, State of

New York, the motor vehicle of Defendant and the motor vehicle of Plaintiffs came into contact.

26. On November 13, 2020, the motor vehicle of Defendant and the motor vehicle of Plaintiffs came into contact.

27. On November 13, 2020, the motor vehicle of Defendant came into contact with another motor vehicle.

28. On November 13, 2020, JASON J. FERNANDEZ observed the motor vehicle of Plaintiffs prior to contact between the vehicles.

29. On November 13, 2020, the front of the motor vehicle of Defendant came into contact with the rear of Plaintiffs' motor vehicle.

30. On November 13, 2020, the front of the motor vehicle of Defendant came into contact with the rear of Plaintiffs' motor vehicle with such force that it pushed Plaintiffs' vehicle into another vehicle.

## AS AND FOR A FIRST CAUSE OF ACTION

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained hereinabove in paragraphs "1" through "30" inclusive with the same force and effect as if hereinafter set forth in length.

32. The aforesaid occurrence was due to negligent acts of the Defendant, by the operator, including but not limited to the following: in failing to properly steer, control, maintain or otherwise operate the aforementioned motor vehicle; in causing a collision between their vehicle and the vehicle of the Plaintiff MATTHEW SHORE; in following the vehicle of Plaintiff MATTHEW SHORE too closely; in operating its vehicle in an unsafe manner; and in allowing Plaintiff MATTHEW SHORE to become injured.

33. Under the Federal Tort Claims Act, Defendant UNITED STATES OF AMERICA is liable for the above-described actions of its agencies, agents, servants and employees as they were acting within the scope of their employment and/or authority with the UNITED STATES OF AMERICA.

34. The aforesaid occurrence was due to the negligence, carelessness and recklessness of the Defendant in the ownership, operation, maintenance, management and/or control of its motor vehicle and through no fault or lack of care of the part of the Plaintiff MATTHEW SHORE herein.

35. As a result of the aforesaid occurrence, Plaintiff MATTHEW SHORE sustained a serious personal injury as defined in Section 5102(d) of the Insurance Law of New York and/or economic loss greater than a basic economic loss as defined in Section 5102(a) of the Insurance Law of New York.

36. Plaintiff MATTHEW SHORE was seriously injured.

37. This action falls within one of more of the exceptions set forth in New York CPLR §1602, including but not limited to, subsections (2), (6) and (7).

38. As a result of the aforesaid occurrence, Plaintiff MATTHEW SHORE was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal injuries, and have been caused to suffer severe physical pain as a result thereof. Some of the aforesaid injuries are of a permanent and lasting nature. Plaintiff MATTHEW SHORE was incapacitated from his usual vocation and avocation and was caused to undergo medical care and attention.

39. As a result of the aforesaid occurrence, Plaintiff MATTHEW SHORE's vehicle was damaged and he was deprived of the use thereof all to his damage in the amount of $7,7000, plus interest from the date of the complained of incident.

40. WHEREFORE, Plaintiff MATTHEW SHORE demands judgment against the Defendants in a sum greater than seventy-five thousand ($75,000) dollars but not to exceed the sum of ONE MILLION SEVEN THOUSAND AND SEVEN HUNDRED DOLLARS ($1,007,700.00) together with interest, costs and disbursements to abide the event.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained hereinabove in paragraphs "1" through "40" inclusive with the same force and effect as if hereinafter set forth in length.

42. The aforesaid occurrence was due to negligent acts of the Defendant, by the operator, including but not limited to the following: in failing to properly steer, control, maintain or otherwise operate the aforementioned motor vehicle; in causing a collision between their vehicle and the vehicle of the Plaintiff LAIMUNDAS BRAZYS; in following the vehicle of Plaintiff LAIMUNDAS BRAZYS too closely; in operating its vehicle in an unsafe manner; and in allowing Plaintiff LAIMUNDAS BRAZYS to become injured.

43. Under the Federal Tort Claims Act, Defendant UNITED STATES OF AMERICA is liable for the above-described actions of its agencies, agents, servants and employees as they were acting within the scope of their employment and/or authority with the UNITED STATES OF AMERICA.

44. The aforesaid occurrence was due to the negligence, carelessness and recklessness of the Defendant in the ownership, operation, maintenance, management and/or control of its motor vehicle and through no fault or lack of care of the part of the Plaintiff LAIMUNDAS BRAZYS herein.

45. As a result of the aforesaid occurrence, Plaintiff LAIMUNDAS BRAZYS sustained a serious personal injury as defined in Section 5102(d) of the Insurance Law of New York and/or economic loss greater than a basic economic loss as defined in Section 5102(a) of the Insurance Law of New York.

46. Plaintiff LAIMUNDAS BRAZYS was seriously injured.

47. This action falls within one of more of the exceptions set forth in New York CPLR §1602, including but not limited to, subsections (2), (6) and (7).

48. As a result of the aforesaid occurrence, Plaintiff LAIMUNDAS BRAZYS was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal injuries, and have been caused to suffer severe physical pain as a result thereof. Some of the aforesaid injuries are of a permanent and lasting nature. Plaintiff LAIMUNDAS BRAZYS was incapacitated from his usual vocation and avocation and was caused to undergo medical care and attention.

49. Plaintiff LAIMUNDAS BRAZYS demands judgment against the Defendants in a sum greater than seventy-five thousand ($75,000) dollars but not to exceed the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) together with interest, costs and disbursements to abide the event.

## AS AND FOR A SECOND CAUSE OF ACTION

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained hereinabove in paragraphs "1" through "40" inclusive with the same force and effect as if hereinafter set forth in length.

51. The aforesaid occurrence was due to negligent acts of the Defendant, by the operator, including but not limited to the following: in failing to properly steer, control, maintain or otherwise operate the aforementioned motor vehicle; in causing a collision between their vehicle and the

vehicle of the Plaintiff MYKOLA MAHARSKYY; in following the vehicle of Plaintiff MYKOLA MAHARSKYY too closely; in operating its vehicle in an unsafe manner; and in allowing Plaintiff MYKOLA MAHARSKYY to become injured.

52. Under the Federal Tort Claims Act, Defendant UNITED STATES OF AMERICA is liable for the above-described actions of its agencies, agents, servants and employees as they were acting within the scope of their employment and/or authority with the UNITED STATES OF AMERICA.

53. The aforesaid occurrence was due to the negligence, carelessness and recklessness of the Defendant in the ownership, operation, maintenance, management and/or control of its motor vehicle and through no fault or lack of care of the part of the Plaintiff MYKOLA MAHARSKYY herein.

54. As a result of the aforesaid occurrence, Plaintiff MYKOLA MAHARSKYY sustained a serious personal injury as defined in Section 5102(d) of the Insurance Law of New York and/or economic loss greater than a basic economic loss as defined in Section 5102(a) of the Insurance Law of New York.

55. Plaintiff MYKOLA MAHARSKYY was seriously injured.

56. This action falls within one of more of the exceptions set forth in New York CPLR §1602, including but not limited to, subsections (2), (6) and (7).

57. As a result of the aforesaid occurrence, Plaintiff MYKOLA MAHARSKYY was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal injuries, and have been caused to suffer severe physical pain as a result thereof. Some of the aforesaid injuries are of a permanent and lasting nature. Plaintiff MYKOLA MAHARSKYY was incapacitated from his usual vocation and avocation and was caused to undergo medical care and

attention.

58. Plaintiff MYKOLA MAHARSKYY demands judgment against the Defendant in a sum greater than seventy-five thousand ($75,000) dollars but not to exceed the sum of ONE MILLION DOLLARS ($1,000,000.00) together with interest, costs and disbursements to abide the event.

Dated: Holtsville, New York
      May 17, 2023

Yours, etc.

MICHAEL J. FAMIGLIETTI, ESQ.
ROSENBERG & GLUCK, L.L.P.
Attorney for the Plaintiff
1176 Portion Road
Holtsville, New York 11742
(631) 451-7900