UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Matthew Shore, Laimundas Brazys, and Mykola Maharskyy,<br><br>             Plaintiffs,<br><br>          v.<br><br>The United States of America,<br><br>             Defendant. | 23-cv-3681 (NRM) (ARL)<br><br>**MEMORANDUM AND ORDER** |

NINA R. MORRISON, United States District Judge:

Plaintiffs Matthew Shore, Laimundas Brazys, and Mykola Maharskyy bring claims against Defendant the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), seeking damages for serious injuries they say they incurred as a result of a motor vehicle accident caused by an employee of the United States Department of Transportation ("DOT") while he drove a government-owned vehicle in November 2020.

Defendant moves to dismiss for lack of subject matter jurisdiction. Specifically, Defendant argues that Plaintiffs failed to satisfy the FTCA's presentment requirement, which requires plaintiffs to present to the appropriate federal agency — and the federal agency to receive — any tort claims prior to the plaintiffs initiating an action in court. While Plaintiffs provide proof that they did, in fact, send the required claims to Defendants and that those claims were timely delivered to the

correct address, Defendant disputes that it ever received the claims because it has no internal record of them.  For the reasons to follow, the Court concludes that Plaintiffs' proffered proof of delivery satisfies the FTCA's presentment requirement. Accordingly, the Court denies Defendant's motion to dismiss.

## **BACKGROUND**

On November 13, 2020, the front of a vehicle owned by Defendant the United States of America, through its agency United States Department of Transportation, Office of Inspector General ("DOT OIG"), came into contact with the rear of a vehicle operated by Plaintiff Matthew Shore. Compl. ¶¶ 18–19, 24–25. ECF No. 1.  Jason J. Fernandes was operating Defendant's vehicle in the course of his employment with DOT OIG.  *Id.* ¶ 21.  Plaintiffs Laimundas Brazys and Mykola Maharskyy were passengers in the vehicle operated by Shore.  *Id.* ¶¶ 23–24.  Plaintiffs allege that Defendant's vehicle hit their vehicle "with such force that it pushed Plaintiffs' vehicle into another vehicle," *id.* ¶ 30, and caused Plaintiffs to sustain serious injuries, *id.* ¶¶ 38, 48, 57.  The third car was driven by James Kikel, a non-party to this action. Tuggle Decl. ¶ 5, ECF No. 20-2.

Plaintiffs allege that, on or about October 21, 2022, they each caused an executed Standard Form 95 ("SF-95") Claim for Damage, Injury or Death to be presented in writing to DOT OIG.  *Id.* ¶¶ 8–10.  Defendant failed to make a final disposition of Plaintiffs' claims within six months of their filing, which Plaintiffs construed as a final denial of their claims.  *Id.* ¶ 12.  Accordingly, on May 17, 2023, Plaintiffs commenced this FTCA action against Defendant the United States of

America.  Plaintiffs attached the three SF-95s as exhibits to their complaint.  Shore SF-95, ECF No. 2; Brazys SF-95, ECF No. 3; Maharskyy SF-95, ECF No. 4.

Defendant moved to dismiss the action for lack of subject matter jurisdiction on February 2, 2024.  Mot. to Dismiss, ECF No. 20.  In support of its motion, Defendant filed declarations from Mary M. Dickman, Assistant United States Attorney and counsel for Defendant, Dickman Decl., ECF No. 20-1; Darin Tuggle, Senior Counsel at DOT, Tuggle Decl.; and Paula Lee, Senior Trial Attorney in the Office of Litigation and Enforcement at DOT, Lee Decl., ECF No. 20-3.  Tuggle states in his declaration that on August 15, 2023 — after Defendant received service of this lawsuit — he conducted a search of DOT OIG's electronic records for any SF-95s filed by or on behalf of Plaintiffs and found none.  Tuggle Decl. ¶¶ 7–8.

However, Tuggle notes that DOT OIG possessed some records relating to the incident.  *Id.* ¶ 9.  To start, in December 2020, DOT OIG received an SF-95 from Kikel, the driver of the third car involved in the collision.  *Id.* ¶¶ 11–12.  On May 11, 2021, DOT also received an SF-95 from Allstate Insurance Company, as subrogee of Plaintiff Shore, regarding property damage to Shore's vehicle.  *Id.* ¶ 13.

Tuggle states that DOT OIG's records also contain communications with Anita Leonard, a Legal Assistant at Rosenberg & Gluck LLP, the law firm representing Plaintiffs.  *Id.* ¶ 15.  The first is a letter dated November 30, 2020, alerting Fernandes that Plaintiffs had retained Rosenberg & Gluck to pursue claims for personal injuries related to the collision.  *Id.* ¶¶ 15–16.  Second, Leonard sent Tuggle an email on May 26, 2021, which requested the claim/file number assigned to the case "Shore,

Matthew, et al. v. Fernandez [sic] & U.S. Dept. of Transportation." *Id.* ¶¶ 19–20. There is no record of Tuggle's response. *Id.* ¶ 21. Finally, on March 16, 2022, Leonard sent Tuggle another email again requesting the claim/file number for the same matter. *Id.* ¶¶ 22–23. Tuggle responded stating that no claim had been received from Shore directly, but that DOT OIG had received the Allstate Insurance subrogation claim. *Id.* ¶ 24. Leonard acknowledged Tuggle's response. *Id.* ¶ 25.

Based on Tuggle's inquiry, defense counsel informed Plaintiffs' counsel that DOT had no record of Plaintiffs' administrative claims. Dickman Decl. ¶ 5. On August 17, 2023, Plaintiffs' counsel emailed defense counsel what appeared to be a printout from stamps.com,[1] which stated that "packages bearing Tracking Numbers 9405511899562944561135, 9405511899562944737172 and 9405511899562944731156, had been sent to the Office of the General Counsel at DOT on or about October 18, 2022, and delivered on October 21, 2022." *Id.* ¶¶ 7–8. At defense counsel's request, Plaintiffs' counsel also forwarded copies of Plaintiffs' SF-95s. *Id.* ¶¶ 9–10. The SF-95s were each "accompanied by a cover letter from the law firm of Rosenberg & Gluck stating that the documents were sent 'VIA USPS PRIORITY MAIL,' and including one of the three tracking numbers listed on the printout from stamps.com." *Id.* ¶ 11. Defense counsel sent these documents to Tuggle, who requested that Paula Lee conduct a search for records of Plaintiffs' SF-95s. Tuggle Decl. ¶ 28. Lee searched the logs that the Office of Litigation and

---

[1] According to its website, stamps.com is an approved licensed vendor of the United States Postal Service.

4

Enforcement maintains of incoming correspondence and found no record of Plaintiffs' administrative claims. Lee Decl. ¶¶ 6–7.

Plaintiffs also filed a declaration from Nicole Ivory, a paralegal at Rosenberg & Gluck LLP, as an attachment to their opposition to Defendant's motion. Ivory Decl. ¶ 1, ECF No. 21-3. Ivory states that on October 18, 2022, she mailed the Plaintiffs' administrative claim documents — which contained their SF-95s and accompanying medical records — to DOT OIG in three individual flat-rate boxes bearing the individual tracking numbers listed on the delivery-confirmation printout from stamps.com. *Id.* ¶¶ 3–4. Ivory states that on November 11, 2022, she searched the United States Postal Service ("USPS") website and confirmed that all three boxes containing those tracking numbers were delivered by USPS and received at DOT OIG on October 21, 2022 at 9:59 a.m. *Id.* ¶ 6.

On September 14, 2023, Ivory contacted stamps.com and obtained a copy of the Account Transactional Activity ("ATA") log pertaining to the delivery. *Id.* ¶ 7. The ATA log, also appended to Plaintiffs' opposition, shows the status of three packages associated with those tracking numbers as "DELIVERED FRONT DESK/RECEPTION/MAIL ROOM" at the DOT address. ATA Log, ECF No. 21-4. Plaintiffs' counsel sent defense counsel a copy of the ATA log on September 28, 2023. Dickman Decl. ¶ 15.

## LEGAL STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences

in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).  In resolving such a motion, district courts are empowered to "refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Additionally, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

## DISCUSSION

Defendant moves to dismiss Plaintiffs' complaint because it argues that Plaintiffs have not satisfied the FTCA's presentment requirement, which is a prerequisite to this Court's jurisdiction.  The Court concludes that Plaintiffs have satisfied the FTCA's jurisdictional prerequisites and denies Defendant's motion.

### I.     FTCA Presentment Requirement

"'[S]overeign immunity' protects the United States from suit unless Congress specifically abrogates that immunity by statute." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996).  The FTCA, which states that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as private individuals under like circumstances," expressly waives the United States' sovereign immunity.  28 U.S.C. § 2674; *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021).  However, the FTCA's sovereign immunity waiver "is subject to a jurisdictional prerequisite." *Collins*, 996 F.3d at 109.  That is, a tort action against the United States "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a).  Additionally, with certain exceptions, a claimant in a FTCA

action cannot seek "any sum in excess of the amount of the claim presented to the federal agency." *Id.* § 2675 (b).

"Such presentment must be made within two years after a tort claim accrues." *Collins*, 996 F.3d at 109. Additionally, "the FTCA permits an action under the statute to be filed in federal court only after the agency denies a tort claim or denial is presumed from the passage of six months from presentment without a final agency disposition." *Id.* The presentment requirement "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

In *Cooke v. United States*, 918 F.3d 77, 81, 82 (2d Cir. 2019), the Second Circuit held that the mailbox rule — the "rebuttable, common-law presumption that a piece of mail, properly addressed and mailed in accordance with regular office procedures, has been received by the addressee" — does not apply to the FTCA's presentment requirement. The *Cooke* Court explained that "the mere mailing of a notice of claim does not satisfy the FTCA's presentment requirement" both because of the principle that waivers of sovereign immunity must be strictly construed and because the FTCA "statute and corresponding regulation make clear that actual receipt is required." *Id.* at 82.

## II.   Application

Defendant maintains that Plaintiffs cannot satisfy the FTCA presentment requirement because they have not provided documentation showing DOT's actual receipt of the SF-95s. Mem. in Supp. at 17, ECF No. 20-4. While *Cooke* made clear

that the mailbox rule does not apply to claims served on federal agencies under the FTCA, it did not answer the question of what constitutes "actual receipt" of notice in the specific context presented here. *Cooke*, 918 F.3d at 82. The answer to that question is dispositive of the parties' instant dispute.

Defendant cites a string of cases explaining what evidence does *not* suffice to show actual receipt of an FTCA claimant's SF-95. *See* Mem. in Supp. at 17. For example, courts have held the presentment requirement was not satisfied where a plaintiff "asserted in his deposition that he mailed" the notice by certified mail, but had "no receipt or other evidence of mailing," *Young v. United States*, No. 12-cv-2342, 2014 WL 1153911, at *8 (E.D.N.Y. Mar. 20, 2014), "provide[d] only a copy of the SF-95 . . . along with a representation in his brief that the form was mailed" on a specified date, *Jaghama v. United States*, No. 11-cv-5826, 2013 WL 508497, at *2 (E.D.N.Y. Feb. 11, 2013), or "concede[d] that he ha[d] no proof that the [agency] received his claim," *Arias-Rios v. United States Postal Serv.*, No. 07-cv-1052, 2008 WL 11420060, at *3 (E.D.N.Y. July 9, 2008).

However, those cases merely stand for the same general proposition as that declared in *Cooke*: proof of mailing of a claim, on its own, is insufficient to satisfy the FTCA's presentment requirement. In those cases, where the plaintiffs offered only their own allegations that a notice was mailed, and the defendants offered declarations by government officials stating that their files had no record of any claim, the circumstances were "sufficient to establish that the agency did not receive it." *Young*, 2014 WL 1153911, at *8.

8

The instant case is materially different than each of the cases cited by Defendant. Here, Plaintiffs have provided proof not only that the SF-95s were sent, but have also provided documentation that they were *delivered* by USPS priority mail inside the DOT's headquarters. Specifically, Plaintiffs attached to their opposition brief the tracking information for each of the SF-95s, which shows that the three packages were delivered at the "FRONT DESK/RECEPTION/MAIL ROOM" at DOT on October 21, 2022. ATA Log. Defendant does not dispute that the packages were delivered to the correct address. Nor does it dispute that the contents of the packages were as Plaintiffs describe them and would provide the requisite notice under the FTCA. Rather, they contend only that Plaintiffs did not properly present their claims because DOT has no internal record of the SF-95s, and thus the actual receipt requirement of *Cooke* is not met.

It appears that no other court has addressed whether a plaintiff's proof of delivery to the correct government address can satisfy the FTCA even if the government provides declarations stating that it has no record of the claims. But there is case law supporting the conclusion that such proof is sufficient. For example, courts have held that proof of agency receipt "is not an onerous requirement," and "can easily be obtained by sending a claim by certified mail or by registered mail." *Wang v. United States*, No. 23-cv-2810, 2024 WL 3673573, at *3 (D.D.C. Aug. 6, 2024) (quoting *Medina v. City of Philadelphia*, 219 F. App'x 169, 172–73 (3d Cir. 2007)). Indeed, in *Vecchio v. United States*, No. 05-cv-393, 2005 WL 2978699, at *4 (S.D.N.Y. Nov. 3, 2005), on which Defendant relies to argue that proof of mailing is insufficient,

the court also noted that "proof of receipt [may be] established by sending the claim by certified or registered mail."[2]

This case is distinguishable from other cases where plaintiffs claim to have proof of delivery, but the proof was deficient in one or more respects. For example, in *MBE Cap. Partners LLC v. AVPOL Int'l LLC*, No. 17-cv-5992, 2019 WL 568587, at *6 (S.D.N.Y. Feb. 11, 2019), the court held that the plaintiff had not satisfied the presentment requirement because, while plaintiff's counsel stated that she would provide copies of FedEx proofs of delivery for the claim letters, she failed to actually provide such proof. Here, by contrast, Plaintiffs have provided evidence demonstrating that the SF-95s were delivered.

Moreover, in *Joseph v. United States*, No. 22-cv-7007, 2024 WL 360663, at *1 (E.D.N.Y. Jan. 31, 2024), as relevant here, a process server attempted to serve notices of claim on the USPS (the relevant federal agency for purposes of presentment in that case) at a government building housing both a U.S. Attorney's Office and a retail USPS location. The process server stated that he left the claims with an individual named "Mr. Pilna" who stated that he was authorized on behalf of USPS to accept service. *Id.* The defendants provided affidavits indicating there was no one with the

_____

[2] Notably, Defendant acknowledges that "[a] plaintiff can show receipt by sending the claim to the agency through a method that requires the recipient to sign a document upon delivery." Mem. in Supp. at 19. Yet it indicates that Plaintiffs' Complaint should be dismissed because they failed to do so. *Id.* For purposes of this opinion, any distinctions between Plaintiffs' method of sending the packages here — which provided a delivery confirmation *and* information about where inside the agency the packages were delivered — and a signature requirement are without a difference. Both methods provide proof of delivery to the correct address, and neither indicates whether the agency maintained an internal record of the packages or their contents thereafter.

last name "Pilna" who worked at the USPS location, although there was a woman with the last name "Pilnacek" who worked as a Special Security Officer at the U.S. Attorney's Office. *Id.* at *2. In granting summary judgment for the defendants, the court noted that the process server "never claim[ed] to have actually gone into the USPS location, nor to have served a USPS employee." *Id.* at *4. Rather, at best, the process server left the notices with a U.S. Attorney's Office employee, which did not show "actual receipt" by the appropriate agency: USPS. *Id.* at *5. That case is notably different than the instant case, wherein Plaintiffs provided independent proof that the SF-95s were delivered to the correct address inside DOT's headquarters.

The Court recognizes that the FTCA's waiver of sovereign immunity must be strictly construed in the sovereign's favor. *Collins*, 996 F.3d at 109. But requiring a plaintiff to provide evidence that notice was not only received at the agency's address and (as here) inside its actual headquarters, but also entered into the agency's internal records — evidence that is uniquely within the knowledge and possession of defendants — could stand to defeat the FTCA's express waiver of sovereign immunity altogether. It also risks closing the courthouse doors to litigants who have complied with the FTCA's requirements for reasons that have nothing to do with the plaintiffs' own due diligence. The Court declines to adopt such a burdensome and illogical reading of the presentment requirement.

Accordingly, the Court concludes that the proof of delivery in this case — which shows that the SF-95s were timely delivered to the correct address *and* received by the Front Desk/Reception/Mail Room within the correct agency — satisfies the

FTCA's "actual receipt" requirement. Requiring more from a plaintiff, such as contacting DOT personnel (as Defendant suggests), would transform the presentment requirement into one that is "onerous," in contravention of the caselaw. Moreover, while Defendant provides evidence that it has no record of Plaintiffs' SF-95s, that evidence is consistent with a scenario in which Defendant in fact received Plaintiffs' SF-95s, but then either lost or failed to make a record of them. Drawing all reasonable inferences in Plaintiffs' favor, this evidence demonstrates the existence of this Court's subject matter jurisdiction by a preponderance of the evidence.

*     *     *

Because the Court holds that Plaintiffs satisfy the FTCA's presentment requirement, it need not reach Plaintiffs' alternative arguments that they are either entitled to equitable tolling or further discovery on the issue of presentment.

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs satisfy the FTCA's presentment requirement and denies Defendant's motion to dismiss.


SO ORDERED.


                                         */s/ NRM*
                                         NINA R. MORRISON
                                         United States District Judge

Dated: September 30, 2024
         Brooklyn, New York